**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM RODRIGUEZ-GONZALEZ, also know as Jose Luis Sanchez-
Flores,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1770-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Rodriguez-Gonzalez appeals his 27-month sentence

following his guilty-plea conviction for being unlawfully present

in the United States after having been deported, a violation of

8 U.S.C. § 1326.  The indictment did not allege that Rodriguez-

Gonzalez's deportation was subsequent to a felony or aggravated-

felony conviction, and it did not specifically cite to any

subsection of 18 U.S.C. § 1326.  In pertinent part, the

sentencing guideline base offense level was increased twelve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Rodriguez-Gonzalez was previously deported after a conviction for a felony drug-trafficking offense for which the sentence imposed was 13 months or less.  Rodriguez-Gonzalez objected to this increase on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004).

Rodriguez-Gonzalez argues that because the indictment did not allege a prior conviction, it charged only a violation of § 1326(a) and under Apprendi his sentence violated due process because it exceeded the two-year maximum punishment for the § 1326(a) offense charged.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998).  Although Rodriguez-Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rodriguez-Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Rodriguez-Gonzalez also argues that the district court committed reversible error when it sentenced him pursuant to the mandatory sentencing guidelines system held unconstitutional in

United States v. Booker, 125 S. Ct. 738 (2005). Because the district court sentenced Rodriguez-Gonzalez under a mandatory guidelines regime, it committed Fanfan error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005)(discussing the difference between Sixth Amendment Booker error and Fanfan error). "[I]f either the Sixth Amendment issue presented in Booker or the issue presented in Fanfan is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government concedes that Rodriguez-Gonzalez's objection on the basis of Blakely, was sufficient to preserve his Fanfan claim and that it cannot show that the error was harmless. The sentencing transcript supports the Government's concession. Accordingly, we VACATE Rodriguez-Gonzalez's sentence and REMAND to the district court for re-sentencing.